IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

EARL CALVIN PASCHAL                                                                  PLAINTIFF

vs.                                 Civil No. 4:07-cv-04095

MICHAEL J. ASTRUE                                               DEFENDANT
Commissioner, Social Security Administration

**<u>MEMORANDUM OPINION</u>**

Earl Calvin Paschal ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. (Doc. No. 4).[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. <u>Background:</u>**

Plaintiff filed his applications for DIB and SSI on May 27, 2005. (Tr. 46-50). Plaintiff alleged he was disabled due to back problems. (Tr. 95). Plaintiff alleged an onset date of July 1, 2002. (Tr. 96). Plaintiff later amended his onset date to July 18, 2004 after it was determined at the

---

[1] The docket numbers for this case are referenced by the designation "Doc. No." The transcript pages for this case are referenced by the designation "Tr."

administrative hearing that Plaintiff had returned to work following the original onset date. (Tr. 225-227). These applications were initially denied on November 18, 2005 and were denied again on reconsideration on April 26, 2006. (Tr. 40-44). On June 1, 2006, Plaintiff requested an administrative hearing on his applications. (Tr. 35). The hearing was held on March 8, 2007 in Texarkana, Arkansas. (Tr. 217-252). Plaintiff was present and was represented by counsel, Greg Giles, at this hearing. *See id.* Plaintiff and Vocational Expert ("VE") David Elmore testified at this hearing. *See id.* On the date of this hearing, Plaintiff was fifty-seven (57) years old, which is defined as "person of advanced age" under 20 C.F.R. § 404.1563 (2008), and had a 7th grade education. (Tr. 222-223).

On June 3, 2007, the ALJ entered an unfavorable decision denying Plaintiff's request for DIB and SSI. (Tr. 11-19). In this decision, the ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since July 18, 2004, his alleged onset date. (Tr. 18, Finding 1). The ALJ determined Plaintiff had the severe impairments of lumbar fusion. (Tr. 18, Finding 2). The ALJ also determined the Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments contained in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 18, Finding 3).

In this decision, the ALJ also evaluated Plaintiff's subjective complaints and determined his Residual Functional Capacity ("RFC"). (Tr. 12-16, 18, Finding 5). The ALJ evaluated these subjective complaints and allegedly disabling symptoms pursuant to the requirements and factors of *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984). (Tr. 15-17). After reviewing these factors, the ALJ discounted Plaintiff's subjective complaints of disabling pain and other limitations based upon several findings, including the following: (1) Plaintiff's poor work history; (2) Plaintiff's daily

activities were inconsistent with being disabled; (3) Plaintiff had inconsistent and infrequent medical treatment; (4) No physician ever indicated Plaintiff was unable to work. (Tr. 15-17).

The ALJ also reviewed all the medical evidence and hearing testimony and determined Plaintiff's RFC. (Tr. 18, Finding 5). Specifically, the ALJ determined Plaintiff retained the following RFC:

> the claimant has the residual functional capacity to perform work related activities except for lifting more than fifty pounds at a time with frequent lifting or carrying objects weighing up to 25 pounds; stand and/or walking a total of 6 hours in an 8 hour per 8-hour workday; and sitting a total of 6 hours per 8-hour workday. In addition, he would be limited to only occasionally climb, balance, crouch, kneel, and crawl, and perform unlimited pushing and pulling. He is capable of a full range of medium work activity.

(Tr. 18, Finding 5). *See* 20 C.F.R. § 416.967.

The ALJ then determined Plaintiff was able to perform his Past Relevant Work ("PRW") as a dishwasher and janitor. (Tr. 18, Findings 6,7). Plaintiff and the VE testified at the administrative hearing regarding these issues. (Tr. 232, 242-247). The VE testified that a hypothetical person with Plaintiff's RFC could return to Plaintiff's PRW. (Tr. 249-250). The ALJ went on to find Plaintiff was not under a disability from his alleged onset date through the date of the decision. (Tr. 18, Finding 8).

On June 20, 2007, Plaintiff requested the Appeals Council review the ALJ's unfavorable decision. (Tr. 6-7). *See* 20 C.F.R. § 404.984(b)(2). On September 28, 2007, the Appeals Council declined to review this determination. (Tr. 3-5). On October 18, 2007, Plaintiff appealed the ALJ's decision to this Court. (Doc. No. 1). The parties consented to the jurisdiction of this Court on October 29, 2007. (Doc. No. 4).

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

Plaintiff brings the present appeal claiming the following: (A) the ALJ erred in his finding that Plaintiff did not have an impairment or combination of impairments equal to one listed in 20 C.F.R. pt. 404, subpt. P, app. 1; and (B) the ALJ erred in his evaluation of Plaintiff's subjective complaints. In response, Defendant argues: (A) the ALJ properly found Plaintiff did not have an impairment or combination of impairments equal to one listed in 20 C.F.R. pt. 404, subpt. P, app. 1; and (B) the ALJ properly considered Plaintiff's subjective complaints.

**A. ALJ's Evaluation of the Listings**

The ALJ must determine whether Plaintiff has a severe impairment that significantly limits his physical or mental ability to perform basic work activities. A medically determinable impairment

5

or combination of impairments is severe if it significantly limits an individual's physical or mental ability to do basic work activities. *See* 20 C.F.R. §§ 404.1521 and 416.921.

The ALJ found Plaintiff did suffer from an impairment considered to be severe within the meaning of the Social Security regulations. This impairment was a lumbar fusion. (Tr. 11). However, there was no substantial evidence in the record showing Plaintiff's condition was severe enough to meet or equal that of a listed impairment as set forth in the Listing of Impairments. *See* 20 C.F.R. pt. 404, subpt. P, app.1. Plaintiff has the burden of establishing that his impairment(s) meet or equal an impairment set out in the Listing of Impairments. *See Sullivan v. Zebley*, 493 U.S. 521, 530-31 (1990). Plaintiff has not met this burden.

Plaintiff first attempts to show he has a listed impairment by setting forth seventeen (17) diagnoses that appear throughout the record. (Doc. No. 7 pgs. 5-6). However, Plaintiff fails to show his impairment met or equaled any specific listing. A diagnosis is not disabling *per se*. There must be a functional loss establishing an inability to engage in substantial gainful activity before a disability occurs. *See Trenary v. Brown*, 898 F.2d 1361,1364 (8th Cir. 1990).

Alternatively, Plaintiff discusses Plaintiff's medical history in an attempt to establish Plaintiff is disabled. Although there appears to be no specific point of error raised, this Court will review the medical history referenced by Plaintiff.

Plaintiff alleged he injured his back at work on September 27, 2002. On October 30, 2002, Plaintiff was examined by Dr. Bud Dickson. (Tr. 129). Dr. Dickson indicated Plaintiff's lumbar x-ray showed a fair amount of degenerative disc disease at L5-S1 and early osteoarthritis. (Tr. 129). Dr. Dickson prescribed Plaintiff a five day Medrol dosage pack and ordered a lumbar magnetic resonance imaging (MRI) scan. (Tr. 129). Plaintiff had a MRI on November 8, 2002, which showed

spondylosis of the lumbar spine and narrowing of the lateral canal with stenosis. (Tr. 126).

On January 24, 2003 Plaintiff, at the request of Dr. Dickson, had a lumbar epidural steroid injection. (Tr. 121). Plaintiff had a total of three injections which did not relieve Plaintiff's pain. (Tr. 110, 111, 114, 116). Plaintiff was seen again by Dr. Dickson on April 9, 2003. (Tr. 110). Dr. Dickson *did not* feel Plaintiff was a candidate for lumbar surgery. (Tr. 110).

On May 21, 2003 Plaintiff was seen for a consultative neurological evaluation by Dr. Scott Schlesinger. (Tr. 107). The results of this exam indicated that Plaintiff's lumbar range of motion was markedly decreased in all planes, but his lower extremity range of motion was normal and pain free. (Tr. 107). Dr. Schlesinger indicated Plaintiff had no evidence of sensory deficits, no weakness or atrophy in the lower extremities, a normal gait, and a normal straight leg raising test. (Tr. 107).

At the request of Dr. Schlesinger, Plaintiff underwent a second lumbar MRI on June 10, 2003. (Tr. 104-105). This MRI confirmed degenerative changes at the L4-5 and L5-S1 levels with mild bulging discs and foraminal narrowing at these levels. (Tr. 104-05). *Dr. Schlesinger indicated Plaintiff could return to work.* (Tr. 104).

Plaintiff returned to work in 2003, but was fired in July 2004 for fighting on-the-job. (Tr. 225-27). It was this activity that caused plaintiff to amend his onset date. Seeking work and working at a job are inconsistent with complaints of disabling pain. *See Dunahoo v. Apfel*, 241 F.3d 1033, 1039 (8th Cir. 2001). Also, Plaintiff sought unemployment benefits after he was fired from his job in July 2004, but he did not receive them. (Tr. 226). The ALJ found this inconsistent with being disabled because in order to accept these benefits, Plaintiff had to hold himself out as ready, willing, and able to work. (Tr. 15).

On June 28, 2004, Plaintiff was examined by Dr. Thomas Hart. (Tr. 137-140). Dr. Hart

7

ordered a CT scan which was done on July 27, 2004. (Tr. 136). Plaintiff's CT scan showed, among other things, a broad based and bilateral bulge at L4-5 and a focal central disk bulge at L5-S1. (Tr. 136). On October 18, 2004, Plaintiff was seen again by Dr. Hart. (Tr. 130). Dr. Hart indicated that Plaintiff had legitimate reasons for his continued back pain resulting from the herniations in the lumbar discs at L4-5 and L5-S1. (Tr. 130). Dr. Hart referred Plaintiff to a spine specialist. (Tr. 130).

On November 17, 2004, Plaintiff was examined by Dr. Eric Akin at the referral of Dr. Hart. (Tr. 181-182). Dr. Akin recommended physical therapy. (Tr. 182). Plaintiff had a follow up appointment with Dr. Akin on February 22, 2005. (Tr. 179). Plaintiff indicated the physical therapy did not help. Dr. Akin felt a lumbar fusion would be needed. (Tr. 179). Plaintiff had his lumbar fusion on February 10, 2006. (Tr. 149-151). Plaintiff was seen for a follow up by Dr. Akin on April 27, 2006. (Tr. 169). Dr. Akin indicated there was no musculoskeletal evidence of focal atrophy or fasciculation, and no extremity clubbing, cyanosis, or edema. (Tr. 169). Also, Plaintiff's straight leg raising test was negative. (Tr. 169). Dr. Akin found no evidence of focal weakness or numbness in Plaintiff's extremities. (Tr. 169).

On May 11, 2006, Plaintiff was referred by Dr. Akin for a Functional Capacity Evaluation (FCE). (Tr. 186-199). The FCE report stated Plaintiff had given an unreliable effort with 33 of the 50 consistency measures, and Plaintiff gave an inconsistent effort throughout the entire testing process. (Tr. 186). On June 21, 2006 Dr. Akin reviewed the results of FCE. (Tr. 200). *Dr. Akin indicated Plaintiff could work at the medium exertional level for two months and could return to full duty after that*. (Tr. 200).

I find substantial evidence supports the ALJ's determination Plaintiff did not have an

8

impairment or combination of impairments equal to one listed in 20 C.F.R. pt. 404, subpt. P, app. 1. Further, substantial evidence supports the ALJ's finding that Plaintiff was not disabled at any time from his alleged onset date through the date of the decision.

### B. Credibility Determination

Plaintiff claims the ALJ erred by failing to give consideration to all of Plaintiff's subjective complaints of pain. In response, Defendant claims the ALJ properly analyzed Plaintiff's subjective complaints pursuant to the *Polaski* factors and discounted them for legally-sufficient reasons.

In assessing the credibility of a claimant, the ALJ is required to examine and apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2]  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322. These factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ evaluated the *Polaski* factors in his opinion and discounted Plaintiff's subjective complaints for legally-sufficient reasons. (Tr. 15-17). Specifically, the ALJ evaluated the nature, location, onset, duration, frequency, radiation, and intensity of Plaintiff's pain; the precipitating and aggravating factors for his pain; the type, dosage, effectiveness and any alleged adverse side effects of his pain medication; his treatment for pain other than medication; his functional restrictions; and his restrictions on daily living. (Tr. 15-17).

After reviewing those factors, the ALJ noted the following inconsistencies in the record: (1) Plaintiff's poor work history; (2) Plaintiff's daily activities are inconsistent with being disabled; (3) Plaintiff had inconsistent and infrequent medical treatment; (4) No physician has indicated Plaintiff is unable to work. (Tr. 15-17).

In reviewing Plaintiff's daily activities, the ALJ discussed the fact that Plaintiff indicated he was capable of washing dishes, running the vacuum, went fishing 1 to 2 days a week, and walking

for exercise. (Tr. 16). The ALJ properly found these types of activities inconsistent with claims of disabling pain. The ALJ also discussed Plaintiff's use of prescription medicine which includes a non-narcotic pain medicine with no complained of side effects. (Tr. 16).

Plaintiff also argues the ALJ erred in attacking the Plaintiff's credibility based on the FCE which was discussed above. (Tr. 186-199). As previously mentioned, the results of the FCE found Plaintiff had given an unreliable effort with 33 of the 50 consistency measures, and Plaintiff gave an inconsistent effort throughout the entire testing process. This evidence was only one of several mentioned by the ALJ in making his credibility determination and there was no error by the ALJ in basing his opinion, in part, on these findings.

These findings are valid reasons supporting the ALJ's credibility determination, and this Court finds the ALJ's credibility determination is supported by substantial evidence and should be affirmed. *See Lowe,* 226 F.3d at 971-72. Accordingly, the ALJ did not err in discounting Plaintiff's subjective complaints of pain.

### 4. Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **4th day of March, 2009.**

/s/   Barry A. Bryant  
HON. BARRY A. BRYANT  
U.S. MAGISTRATE JUDGE